UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN RICHARD GARNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 3:17CV490-PPS |
| | ) |
| NANCY BERRYHILL, Acting Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Stephen Richard Garner appeals the denial of his application for social security disability benefits. Garner, who previously worked as a crane operator and welder, was 49 years old on the alleged onset date of his of disability, April 8, 2014. [AR at 26, 42.][1] The administrative law judge held a hearing [AR 34-99], and issued a written decision denying Garner's claim for benefits. [AR 14-28.] The ALJ found that Garner had severe impairments of degenerative disc disease, a history of hernia and urological conditions, obesity and depression. [AR at 16.] But the ALJ concluded that Garner's severe impairments do not conclusively establish disability by meeting or medically equaling the severity of the listed impairments. [AR at 17.] The ALJ ultimately found that Garner possessed the residual functional capacity to perform light work with certain limitations, that he was capable of performing jobs that exist

---

[1] The administrative record [AR] is found in the court record at docket entry 9, and consists of 472 pages. I will cite to the pages of this AR according to the Social Security Administration's Bates stamp numbers rather than the court's Electronic Case Filing page number.

in significant numbers in the national economy, and that he is, therefore, not disabled. [AR at 20, 26-28.]

Garner asks me to reverse the ALJ's decision and remand the case for further proceedings by the Social Security Administration. My review of the ALJ's decision is deferential. I must affirm it if it is supported by substantial evidence, meaning "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (citation omitted). I can't reweigh the evidence or substitute my judgment for that of the ALJ. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). But these standards do not mean that I "will simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

When considering the evidence, "an ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, but 'must build a logical bridge from the evidence to his conclusion.'" *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015), quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005). This means that an ALJ's decision must offer an explanation of the rationale from the evidence to his or her conclusions "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).

## Analysis

Garner makes three arguments for reversal of the decision against him. The first is that the ALJ erred in her evaluation of the opinions of his treating physician, Dr. S. Douglas Strycker. The second is that the ALJ erred in her handling of Garner's need for the assistance of a cane. Third, Garner challenges the ALJ's analysis of his credibility because the decision does not expressly consider his long work history as a factor. For reasons I'll explain below, the first and second challenges warrant a reversal and remand to the Commissioner for further consideration of Garner's application for benefits. The third argument is a non-starter, and in any event appears to have been abandoned by not being defended in Garner's reply brief, so it will not be further addressed.

## Treating Physician Dr. Strycker

Dr. Strycker is board certified in Family Medicine and began treating Garner in 2007, six-and-a-half years prior to the alleged onset of disability. [AR at 435.] In support of Garner's disability application, Dr. Strycker provided two medical source statements: one dated February 12, 2015 and then, 20 months later, a second dated October 11, 2016. [AR 453, 433.] If Dr. Strycker's opinions about Garner's functional limitations had been given controlling weight, Garner would have been found to be disabled. [DE 12 at 6-7.] Instead, the ALJ gave Dr. Strycker's opinions "little weight," explaining that she found the two statements to be "inconsistent with one another, the objective medical findings, and the treatment pursued." [AR at 25.]

Under the regulations that apply to claims filed before March 27, 2017, a treating physician's opinion is entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is not inconsistent with other substantial evidence in the record. 20 C.F.R. §§404.1527(c)(2), 416.927(c)(2). *See also Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2016); *McFadden v. Berryhill*, 721 Fed.Appx. 501, 505 (7th Cir. 2018). An ALJ is free to discount the treating physician's opinion, but she must provide "good reasons" to explain the weight given to the opinion and support these reasons with evidence. SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011).

Although the ALJ gave a fairly detailed explanation of her dismissal of Dr. Strycker's opinions, I find the "good reasons" standard was not met here because the ALJ apparently overlooked a substantial portion of the course of Dr. Strycker's treatment of Garner in the critical period between the alleged onset date of April 8, 2014 and the ALJ's decision on December 21, 2016. The ALJ says that Garner "had three physical examinations since the alleged onset date, all performed by his family practitioner, Dr. Douglas Strycker, M.D." [AR at 21.] Her discussion makes clear that she refers to visits to Dr. Strycker on May 23, 2014, February 12, 2015, and October 11, 2016, the latter two dates being also the dates of Dr. Strycker's medical source statements. [*Id.*]

But the Progress Notes associated with the October 11, 2016 visit refer to *seven* additional visits after the alleged onset date – visits on December 1, 2014, January 5, 2015, August 31, 2015, November 30, 2015, March 31, 2016, May 24, 2016 and August

4

25, 2016. [AR at 441.] The administrative record on file here does not appear to contain Progress Notes for each of the seven office visits the ALJ overlooked.[2] Since the record before her reflected at least that these additional examinations by Dr. Strycker occurred, and the ALJ's conclusions adverse to Garner are potentially flawed if the additional examinations are considered, the ALJ's conclusion that Dr. Strycker's opinions merited only "little weight" is not supported by substantial evidence and requires reversal and remand.

Here's why. First, to the extent the ALJ refers to "significant gaps in the claimant's history of treatment" and to "the treatment that [Garner] has received during the adjudicated period [being merely] routine or conservative in nature," such conclusions are undercut by the ALJ's failure to consider the significant number of additional visits to Dr. Strycker and what might have transpired there. [AR at 23.] Second, the ALJ considered Dr. Strycker's two medical source statements to be inconsistent with one another because "the medical records do not reflect any significant change in the claimant's medical conditions during" the period between them. [AR at 26.] That may or may not ultimately prove to be true, but the fact that the ALJ was apparently unaware of five visits to Dr. Strycker in that period, and what the records of those visits might reflect, robs the conclusion of substantial support. Third, the detailed record of seven doctor's visits may also undercut the

---

[2] At the start of the hearing before the ALJ, there was discussion of the need to complete the record as to Dr. Strycker's Progress Notes, and the ALJ asked about additional treatment since April 2014. [AR at 39, 40.]

ALJ's conclusion that Dr. Strycker's "physical examinations reflect only mild findings that do not give reason for such significant limitations" as Dr. Strycker indicated in his rejected medical source statements. [AR at 25.]

"The ALJ has the burden to develop the record and assess whether symptoms are disabling." *Cullinan v. Berryhill*, 878 F.3d 598, 605 (7th Cir. 2017). Of course, the claimant bears the burden of proving that he is disabled, but "it is the ALJ who carries the burden of developing the record." *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014). *See also Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). Regardless which party is responsible for the omission of the additional Progress Notes from the record, where "a gap in the medical record is significant and prejudicial," I conclude that further proceedings before the Commissioner are necessary. *Warren v. Colvin*, 565 Fed.Appx. 540, 544 (7th Cir. 2014).

**Medical Necessity of Garner's Use of a Cane**

Garner's second contention in support of remand challenges the ALJ's treatment of his need for a cane. This is a critical issue because, as the vocational expert testified, requiring a cane to "ambulate effectively" would "eliminate the jobs at any level other than sedentary." [AR at 97-98.] In turn, this conclusion would almost certainly yield a finding that Garner is disabled under the Medical-Vocational Guidelines for an individual of Garner's age who is limited to sedentary work, has no more than a high school education and no transferable skills. [AR at 95-96.] *See* 20 C.F.R. Part 404, Subpart P, Appendix 2, §201.14. Before the ALJ, Garner testified

6

that he experienced balance problems causing him to fall, and that led to his daily use of a cane, including anytime he leaves the house. [AR at 42-43.] Upon inquiry by the ALJ, Garner testified that Dr. Strycker prescribed the use of the cane "for steadiness or balance." [AR at 43.]

In her decision, the ALJ acknowledges Garner's testimony that he requires a cane, but found that "there is no evidence that...the cane that he claims he requires is prescribed or medically necessary." [AR at 18.] She later repeats such a conclusion: "Although the claimant has alleged that he requires a cane because of instability and frequent falls, there is no evidence supporting this contained in any of the medical records." [AR at 22.] Somewhat inexplicably then, still later the ALJ writes that "Dr. Strycker indicated that the claimant requires a cane to ambulate effectively...." [AR at 25.] This last reference appears to refer to Dr. Strycker's medical source statement of October 11, 2016, in which the doctor four times refers to Garner's need for a cane, without which he can do only "5-10 minutes of walking." [AR at 436-437.]

If the ALJ ignored Dr. Strycker's medical opinion on a critical point without any explanation, a remand would be warranted. If she considered the Treating Source Statement not to constitute a "medical record," there are other pertinent references to be considered, as well as the missing records. Again, the visits to Dr. Strycker that the ALJ overlooked may bear on the question. Indeed, the synopsis of these previous visits in the October 11, 2016 Progress Notes give some important clues of potentially significant information. For example, summarizing Garner's visit on January 5, 2015, Dr. Strycker writes that Garner "has fallen occasionally," and

7

"has found a cane has been helpful." [AR at 441.] Then, while describing the office visit on November 30, 2015, Dr. Strycker writes that Garner "had some lightheadedness with standing," and "[t]his was chronic." [*Id.*] There's more: in his synopsis of Garner's August 25, 2016 visit, Dr. Strycker notes "[b]alance problems lately and a few falls." [*Id.*] Each of these is some evidence in the medical record supporting the medical necessity for Garner's use of a cane. If the full Progress Notes for each of these exams (and the other four additional exams omitted from the record) were available, they would likely disclose further support and might disclose that Dr. Strycker himself suggested or directed Garner's use of a cane. For all these reasons, the ALJ's rejection of Garner's reliance on a cane is not supported by substantial evidence.

## **Conclusion**

My role is not to determine from scratch whether or not Garner is disabled and entitled to benefits. Instead, my review of the ALJ's findings is deferential, to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Shideler v. Astrue*, 688 F.3d at 310; *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). On the issues of the weight afforded treating physician Dr. S. Douglas Strycker's opinions, and of the medical necessity of claimant Garner's daily use of a cane for ambulation, I find that the ALJ's decision is not supported by substantial evidence for the reasons explained above.

Because I am not persuaded that substantial evidence supports the Commissioner's findings, or that the ALJ built a logical bridge from the evidence to his conclusion that Garner does not qualify for disability, the Commissioner's final decision must be reversed and remanded for further proceedings. Even using the applicable deferential standard of review, I conclude that the ALJ's determinations are not supported by relevant evidence such as a reasonable mind might accept as adequate to support his conclusions. *Moore*, 743 F.3d at 1120-21. The Commissioner's final decision denying Garner's application for disability benefits will be reversed and remanded for further consideration.

**ACCORDINGLY:**

The final decision of the Commissioner of Social Security denying plaintiff Stephen Richard Garner's application for Social Security disability benefits is REVERSED AND REMANDED for further proceedings consistent with this opinion.

The Clerk shall enter judgment in favor of plaintiff and against defendant.

**SO ORDERED**.

ENTERED: August 13, 2018.

　　　　　　　　　　　　　　　　　　/s/ Philip P. Simon
　　　　　　　　　　　　　　　　**PHILIP P. SIMON, JUDGE**